IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Carlos Q. Garrison,** | : |
| **Petitioner,** | : Case No. 2:24-cv-02832 |
| v. | : Judge Graham |
| **Daniel Hawkins,** *et al.*, | : Magistrate Judge Silvain |
| **Respondents.** | : |

## OPINION & ORDER

This matter is before the Court upon Petitioner Carlos Q. Garrison's ("Garrison") objections to the Report and Recommendation ("R&R") recommending dismissal of his petition. Obj., doc. 16; R.&R., doc. 8. Garrison, a pretrial detainee in state custody, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, Garrison's objections are **OVERRULED**, and the Court **ADOPTS** the recommendation that his Complaint be **DISMISSED** without prejudice.

## STANDARD OF REVIEW

Pursuant to the Federal Magistrate Judges Act this matter was referred to a magistrate judge for an initial screening to determine if the complaint or any portion thereof must be dismissed. 28 U.S.C. § 636. A petition filed in forma pauperis "shall" be dismissed if it "is frivolous or malicious[,] fails to state a claim on which relief can be granted[, or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Either party may file objections within fourteen days of the issuance of the report and recommendation of the magistrate judge. 28 U.S.C. § 636. The court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The

[1]

court shall adopt any recommendations to which the parties do not object except "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## DISCUSSION

By indictment filed August 12, 2022, the State of Ohio charged Garrison with three (3) counts of trafficking in drugs and three (3) counts of possession of drugs, all of which are felonies of the first degree. These charges remain pending.

In the instant case, Garrison petitions the Court to order his immediate release and the dismissal of the charges pending against him in state court. Specifically, Garrison raises the following grounds for such relief:

> **GROUND ONE**: Judge Dan Hawkins failed to enforce the Franklin County Common Pleas Courts rules of practice set into place to prevent unjust lengths of pretrial detention. Unjustly denying motion to suppress.
>
> **GROUND TWO**: Prosecutor Matthew J. Thompson & Prosecutor Megan M. Farley failed to enforce the Franklin County Court rules of practice set into place to prevent unjust lengths of pretrial detention.
>
> **GROUND THREE**: Attorney Donald L. Kline failed to enforce the Franklin County Court rules of practice set into place to prevent unjust lengths of pretrial detention.
>
> **GROUND FOUR**: Tpr. Michael D. Rucker made a false report resulting in police misconduct in which suppression of all evidence should have been granted but was not.
>
> **GROUND FIVE**: Tpr. Timothy L. Ehrenborg police misconduct.
>
> **GROUND SIX**: Detective Andrew Borba police misconduct.
>
> **GROUND SEVEN**: Pretextual stop, illegal search & seizure, jurisdiction, chain of custody, standing.

Doc. 5, # 64-65, 67-69. At bottom, these grounds attack the state proceedings against Garrison on two fronts: (1) alleged violations of his right to a speedy trial under the Sixth Amendment,[1] and (2) alleged violations of his Fourth Amendment right against unreasonable search and seizure.[2]

The Magistrate Judge determined that Garrison did not exhaust his state court remedies or otherwise did not raise grounds for relief not properly brought in a pretrial § 2241 petition. As the Magistrate Judge noted, the *Younger* abstention doctrine counsels against federal court intervention into ongoing state criminal proceedings, with narrow exceptions recognized by the Sixth Circuit. Doc. 13, # 41. *See Younger v. Harris*, 401 U.S. 37, 46, 91 S. Ct. 746, 751, 27 L. Ed. 2d 669 (1971) (quoting *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926) ("[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient [to warrant interference] unless it is 'both great and immediate.'"). As to Garrison's petition, the only relevant exception to the *Younger* abstention doctrine is that which considers the petitioner's right to a speedy trial. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981). Therefore, Garrison's grounds based on his Fourth Amendment right—essentially seeking to appeal the state court's denial of his motion to suppress—are not properly brought in a pretrial § 2241 petition.

As to Garrison's claims that his speedy trial rights had been violated, the Magistrate Judge observed that Garrison "does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he seeks immediate release from custody and dismissal of the pending criminal charges." Doc. 8, # 5. But a federal court may properly vindicate the speedy trial rights of a state pretrial detainee only to the extent that it may "issue an order requiring a state to promptly bring petitioner to trial." *Hairston v. Franklin Cnty. Ct. of Common Pleas*, No. 2:17-CV-

---

[1] Implicated in Grounds One, Two, and Three.
[2] Implicated in Grounds One, Four, Five, Six, and Seven.

[3]

00353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017), *report and recommendation adopted*, No. 2:17-CV-00353, 2017 WL 2972151 (S.D. Ohio July 12, 2017) ("On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed before trial on speedy trial grounds."). Furthermore, even if Garrison were seeking relief that this Court could grant, the Magistrate Judge determined that Garrison had not exhausted his state court remedies prior to petitioning this court for relief.

Garrison's objections do not move the meter. As to his request that this Court order certain evidence to be suppressed, Garrison argues that he has met the exhaustion requirement due to his limited avenues for relief as a pretrial detainee, stating that he is "unable to present his claim or any other ground for habeas relief to the Ohio Court of Appeals or Ohio Supreme Court without first being tried and nonetheless convicted on pending charges." Doc. 16, # 51. This is an accurate statement of law and procedure, not an argument for federal court intervention into a state criminal proceeding. An adverse ruling on a motion to suppress does not entitle a pretrial detainee to seek relief in federal court; rather, the exhaustion requirement is such that the Court of Appeals and Ohio Supreme Court must first have an opportunity to review Garrison's claims before he may resort to this Court. As such, even if the denial of a motion to suppress could be properly challenged in a pretrial § 2241 petition, Garrison has not satisfied the exhaustion requirement.

As to his speedy trial right, Garrison states in his objections that he seeks to amend his petition[3] such that his requested relief is "to be brought to trial promptly" (as opposed to seeking dismissal of all charges and his immediate release). Doc. 16, # 50. But this request is also subject

---

[3] After filing his objections, in which he states his request to amend his petition, Garrison filed a separate motion to amend. Doc. 17. He did not include an amended petition with this filing, and he did not otherwise present any new argument as to how the deficiencies with his petition would be cured by amendment. Rather, Garrison appears to reiterate the argument raised in his objections, which is rejected for the reasons stated herein. As such, the Court will deny his motion to amend.

to the exhaustion requirement, which he has not satisfied. Garrison points to the fact that, following the R&R, he filed a motion for *dismissal* in his state criminal case based on violation of his right to a speedy trial. *Id*. However, according to the docket[4] for case number 22CR003647 in the Franklin County Court of Common Pleas, Garrison has *not* moved the state court to bring him to trial promptly.[5] At this juncture, the Court could only provide relief in the form of an order directing the state court to bring Garrison to trial. But considerations of comity prevent the Court from doing so before the same request has been fairly presented to the state court. *See Hairston*, 2017 WL 2972151, at *2 (S.D. Ohio July 12, 2017) ("[The] exhaustion requirement will only be satisfied after Petitioner fully avails himself of all the state-court mechanisms that he can use to exhort the state court to begin his trial."). Garrison has not made the showing necessary to satisfy the exhaustion requirement for relief on this basis.

## CONCLUSION

As set forth above, Petitioner Carlos Garrison, a pretrial detainee on pending state charges, seeks relief which this Court cannot provide. The Court therefore **OVERRULES** Petitioner's objections (doc. 16), **ADOPTS** the recommendations of the Magistrate Judge (doc. 13) and **ORDERS** that the petition (doc. 1) be **DISMISSED** without prejudice. Petitioner's motion to amend (doc. 17) is **DENIED**.

---

[4] The Court takes judicial notice of the publicly available docket as to Garrison's criminal case, viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?Kf7i7pbndq245goeL7Bh.

[5] On the contrary, the docket shows no fewer than 22 entries described as "waiver of right to speedy trial." While Garrison's petition indicates that he would challenge the validity of those waivers, such an argument must likewise be first presented to the state court, which is better situated to consider the same.

The Court, finding that no jurists of reason would debate the conclusions herein, **DECLINES** to issue a certificate of appealability. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 27, 2025.